IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| MICHELLE LEANNE WEIMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:19-06103-CV-RK |
| ) | |
| ) | |
| COMMISSIONER, SOCIAL ) | |
| SECURITY ADMINISTRATION; ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found Plaintiff to have the following severe impairments: degenerative disc disease; fibromyalgia; left fractured elbow; soft tissue injury and ACL repair of right knee. The ALJ also determined that Plaintiff has the following non-severe impairments: Gastroesophageal reflux disease, anxiety, and depression. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite Plaintiff's limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work except: lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk 4 hours out an 8-hour day; sit 6 hours out of an 8-hour day; occasionally push and pull with her arms; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; frequently reach in all directions, but perform overhead work no more than occasionally; must avoid concentrated exposure to vibrations, hazards, extreme cold, heat, wetness, and humidity. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff argues the RFC is not supported by substantial evidence, the ALJ's decision as to Plaintiff's mental functional limitations is not supported by substantial evidence, and the ALJ erred in not finding Plaintiff disabled at step five. The Court will address each argument in turn.

## I. The RFC is Supported by Substantial Evidence

Plaintiff first argues the RFC as to Plaintiff's physical functional limitations is not supported by substantial evidence. Specifically, Plaintiff argues the RFC allows for frequent reaching, but no medical evidence supports this determination. There are two opinions of record as to Plaintiff's functional limitations: Dr. Schell's and Dr. Danushkodi's. The ALJ found Dr. Schell's opinion persuasive, except as to the portion regarding right overhead reaching. Dr. Schell opined that Plaintiff was limited in pushing and pulling with the right extremity due to spinal and right shoulder degeneration. (Tr. 178-79.) Dr. Schell also opined Plaintiff was limited to less than

2

frequent reaching in all directions – front, laterally, and overhead – with the right upper extremity due to degeneration. (Tr. 179.) The ALJ discounted this portion of Dr. Schell's opinion by stating "there is no evidence of right shoulder impairment since the amended onset date." (Tr. 96.) Plaintiff claims this was error and that the ALJ also erred because she failed to explain why the opinion was not adopted.

ALJs are tasked with evaluating the evidence taken as a whole, resolving any inconsistencies, and formulating a RFC finding that reflects a claimant's functional limitations, as consistent with the evidence. 20 C.F.R. §§ 404.1545, 404.1546. "It is the function of the [ALJ] to weigh conflicting evidence and to resolve disagreements among physicians." *Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014) (citing *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007)); *see also Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008) (same) (citing *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007).

Here, the ALJ discussed the objective medical evidence, examination evidence, medical opinions, Plaintiff's treatment and response to treatment, Plaintiff's daily activities, and other evidence. (Tr. 90-96). The ALJ noted that Plaintiff had fairly benign findings at an orthopedic visit for complaints of right-sided radicular symptoms, including only slightly decreased range of motion of the right upper extremity. (Tr. 94, 584, 594.) The ALJ also noted that although MRI was recommended for the cervical spine and right shoulder, there is no evidence Plaintiff underwent any of the tests or followed up again for neck or radicular pain. (*Id.*, Tr. 94.) Finally, the ALJ noted that Plaintiff's EMG nerve condition studies of the bilateral extremities in January 2018 were normal. (*Id.*, Tr. 94, 578.) From this, some medical evidence supports the limitations provided by the ALJ in the RFC and there was substantial evidence to support the ALJ's RFC. *See Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) (holding some medical evidence must support the RFC); *Smith*, 756 F.3d at 625 (holding that if substantial evidence supports the ALJ's decision, the Court will not reverse even if substantial evidence would support the opposite outcome.)

Plaintiff's arguments regarding Dr. Danushkodi are largely duplicative of the arguments above and the Court will reject them for the same reasons.

Plaintiff also argues the ALJ erred by failing to order a consultative exam to fully and fairly obtain medical opinions as to Plaintiff's functional limitations resulting from fibromyalgia, a fracture to Plaintiff's left elbow, soft tissue damage, and Plaintiff's ACL injury. Plaintiff's

3

argument is without merit. It is the Plaintiff's duty to provide medical evidence that she is disabled. 20 C.F.R. § 404.1512. However, when a crucial issue is underdeveloped, the ALJ has an independent duty to develop the record. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). But if the evidence, taken as a whole, is sufficient to make a determination, the ALJ is not obligated to order a consultative examination. 20 C.F.R. § 404.1519a(b).

Here, the ALJ found Plaintiff's pain from her fibromyalgia was less limiting than alleged by Plaintiff. (Tr. 94.) The ALJ noted fibromyalgia had not been formally diagnosed or treated during the relevant period, that no physician had performed a fibromyalgia 18-point tender point examination to confirm diagnosis, and that although Plaintiff was referred to a pain physician, no evidence suggests Plaintiff followed up with one during the relevant period. From this, the ALJ concluded Plaintiff's pain from fibromyalgia was less severe than reported and had accounted for such pain-related symptoms. (*Id.*)

As to Plaintiff's left elbow, soft tissue, and ACL impairments, the ALJ noted Plaintiff has responded well to treatment. In July 2018, Plaintiff injured her left elbow after tripping over a laundry basket. (Tr. 95.) Plaintiff saw an orthopedist, who observed fairly routine findings, including swelling and tenderness around the elbow, no gross instability, intact sensation and motor function, and good pronation and supination. (*Id.*, Tr. 724-25.) While the ALJ recognized Plaintiff still suffers pain from her left elbow injury, the ALJ has provided sufficient limitations in the RFC. In 2017, Plaintiff injured her knee after slipping on oil in her garage. She eventually required reconstructive surgery. (Tr. 94.) However, in June 2018, an orthopedist noted that the claimant was "doing great after right knee ACL reconstruction." (Tr. 638.) Plaintiff also reported that her knee "feels much more stable than before" with just mild stiffness and "no real discomfort." (Tr. 95, 638.) Finally, the ALJ made note of Plaintiff's daily activities were inconsistent with reports of disabling pain. (Tr. 95.) *See Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015) (daily activities can support an ALJ's finding of not disabled). Therefore, substantial evidence supports the ALJ's RFC and the Court will not reverse on this point.

**II.     The ALJ's Decision as to Plaintiff's Mental Functional Limitations is Supported by Substantial Evidence**

Next, Plaintiff argues the ALJ erred in three ways regarding her decision as to Plaintiff's mental functional limitations. First, Plaintiff argues the ALJ erred by failing to adopt the mild mental limitations opined by Dr. Altomari. Dr. Altomari opined that Plaintiff has mild limitations

4

in understanding, remembering, and applying information; mild limitations interacting with others; mild limitations in concentration, persistence, or pace; and mild limitations in adapting or managing oneself. (Tr. 176). Dr. Altomari also opined Plaintiff's alleged depressive, bipolar, and anxiety disorders were nonsevere. (Tr. 92, 175). The ALJ found this opinion persuasive. (Tr. 92.) The ALJ found Plaintiff's mental limitations to be non-severe and caused no more than minimal limitations. (Tr. 91.) Substantial evidence supported the ALJ's determination that Plaintiff's mental impairments caused no more than minimal limitations. Plaintiff also argues that the ALJ still should have included the mild limitations found by Dr. Altomari in the RFC. However, Because the ALJ found the mental impairment caused no functional impairments, the ALJ properly excluded them from the RFC.

Plaintiff then argues the ALJ erred by rejecting the opinion of Ms. Cleverdon, Plaintiff's licensed clinical marriage and family therapist ("LCMFT"). The ALJ rejected Ms. Cleverdon's opinion because it was conclusory, inconsistent with her own counseling notes, and finally that other treatment providers have also described normal mental status examinations on a consistent basis. (Tr. 92.) Ms. Cleverdon's own notes reflected routine clinical findings and indicated that Plaintiff's depression and anxiety are primarily linked to her physical conditions and also to family-related circumstances. Additionally, the other treatment providers noted appropriate affect and demeanor, normal mood, pleasant and cooperative attitude, and normal attention span and concentration (Tr. 91, 396, 399, 402, 414, 451, 511, 514, 526, 529, 544, 561, 564, 568, 570, 605, 609, 627, 718, 721, 724, 736). Plaintiff also denied anxiety and/or depression on multiple occasions (Tr. 587, 596, 613, 709, 717, 720, 723, 730). From these alone, there was substantial evidence for the ALJ to reject the opinion of Ms. Cleverdon. Overall, there was substantial evidence for the ALJ to find Plaintiff's mental impairments caused no more than minimal impairment, were not severe, and the ALJ did not err in excluding them from the RFC.

### III. The ALJ did not Err at Step Five

Finally, Plaintiff argues the ALJ erred at step five by posing a flawed hypothetical to the vocational expert and by failing to consider the Medical Vocational Guidelines in conjunction with Plaintiff's borderline age situation. As to the argument the hypothetical was flawed because the RFC was flawed, the Court has concluded the RFC was supported by substantial evidence. Therefore, the hypothetical was not flawed and provides no ground for reversal.

5

As to the argument the ALJ should have considered Plaintiff's borderline age pursuant to 20 C.F.R. § 404.1563(b), Plaintiff argues that because she was a few months away from turning 50, the ALJ should have considered her a person closely approaching advanced age pursuant to 20 C.F.R. § 404.1563. In this case, Plaintiff was 48 at the time of onset and 49 at the time of the ALJ decision. An ALJ's decision to apply 20 C.F.R. § 404.1563(b) is discretionary. *Byes v. Astrue*, 687 F.3d 913, 917–18 (8th Cir. 2012) ("section 404.1563(b) does not require that an ALJ apply an older age category in borderline situations."). Further, at the time of the ALJ decision, Plaintiff was 10 months away from turning 50. *See Id.* (holding eight months to be too distant to be considered borderline.) Thus, Plaintiff was not in borderline situation, and even if she was, the ALJ was not obligated to apply the older age category. Therefore, the ALJ did not err at step five.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision for the reasons set forth above.

**IT IS THEREFORE ORDERED** that the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 10, 2020